UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| In Re: | Case No. 21-30205-KKS |
| RODNEY DIXON DORAND, | Chapter 7 |
| Debtor. | Judge: Karen K. Specie |
| The Estates of Robert Moss and Brenda Moss by Danae Brown, Executrix, and The Estates of Charles Saunders and Peggy Saunders by Amanda Andrews, Administrators of the Saunders' Estates, | Adversary Pro. No. _____ |
| Plaintiffs, | |
| vs. | |
| Rodney Dixon Dorand, | |
| Defendant. | |

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT**

Comes now Nicholas Wooten, attorney for Danae Brown as Executrix of the Estates of Robert Moss and Brenda Moss and Amanda Andrews, administrator of the Estate of Charles Saunders and the Estate of Peggy Saunders, and brings this action against Rodney Dixon Dorand, debtor in the underlying bankruptcy case, to determine the nondischargeability of debt pursuant to 11 U.S.C. § 523(a)(2) and in support thereof, allege as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(6)

1

and a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## GENERAL ALLEGATIONS

3. Defendant is the debtor in this Chapter 7 case which was filed on April 1, 2021.

4. The Meeting of Creditors has been set for May 4, 2021.

5. The deadline to file a complaint for determination of dischargeability is July 6, 2021.

6. This action is therefore timely.

7. Rodney Dixon Dorand (hereinafter "Dorand" or "debtor") is the judgment debtor of the Plaintiffs in this action arising from a final and non-appealable judgment rendered in the Circuit Court of Tallapoosa County, Alabama, in case number CV-2009-73.

8. The lawsuit was styled *Robert Moss, Brenda Moss, Charles Saunders and Peggy Saunders, Plaintiffs, versus Glenwood-The Bluffs at Copper Creek, LLC, Glenwood Development Company, Glenwood Silver Hills, LLC, Dorand Development, LLC, Rodney Dorand, The Rodney D. and Barbara H. Dorand Living Trust, Leigh Dorand, the Leigh and Kimberly Dorand Living Trust, KAD Away Trust, et al., Defendants*, and was given Civil Action No. CV-2009-000073 (hereinafter, the "State Action").

9. Dorand is both a physician and a licensed attorney in the state of Alabama. Dorand first became licensed to practice law in Alabama in 1987.

10. The Decedents, Robert and Brenda Moss, husband and wife, and Charles and Peggy Saunders, husband and wife, were joint owners of a parcel of valuable waterfront real estate on Lake Martin, Alabama. Peggy and Brenda were sisters. Together these parties will be referenced as the "Decedents" herein.

11. On July 1, 2006, Dorand, through a legal entity he controlled, solicited the purchase of

the Decedents' real estate situated on the waterfront of Lake Martin, in Tallapoosa County, Alabama, near the city of Dadeville.

12. Dorand was accumulating parcels for a condominium development project on Lake Martin.

13. The Decedents' property was key to the development because it was the center parcel and had substantial waterfront.

14. During the negotiations, Dorand convinced the Decedents to owner finance Dorand's acquisition of their property.

15. Dorand proposed to execute a note and mortgage for the purchase price. Dorand proposed that the Decedents' mortgage would be subordinated to his development loan. To provide further assurance and guarantee of payment, Dorand promised to provide a surety bond that would guarantee payment of the purchase price if, for any reason, Dorand and his companies were unable to pay the purchase price as agreed.

16. The promise to provide the surety bond was made part of the purchase contract.

17. Between the time of entering into the purchase transaction and the collapse and failure of the development project, Dorand and his agents made numerous representations that the surety bond had been acquired and would be delivered to the Decedents.

18. Without the Decedents' knowledge, Dorand had the title to the property transferred into a Limited Liability Company he owned and controlled with his adult children.

19. Dorand also mortgaged the accumulated parcels for almost $2,000,000. Dorand could only acquire the financing by procuring the subordination agreement from the Decedents.

20. Dorand then failed to pay the Decedents for their real property and failed to deliver the surety bond guaranteeing payment.

21. After July 31, 2008, when the principal portion of the purchase price of the real estate was due to be paid, the Decedents learned that Dorand and his co-defendants had not obtained the surety bond and never intended to do so.

22. The promise to provide a surety bond guaranteeing payment of the purchase price was a material representation and material inducement to the Decedents which caused the Decedents to sell their property to Dorand, finance the transaction and subordinate their first position mortgage.

23. Dorand never secured the surety bond. The project failed. The Decedents lost their valuable waterfront real estate when the senior mortgage foreclosed and Dorand never paid the purchase price for the real estate.

24. Dorand's fraudulent conduct caused the Decedents to lose their real estate and lose payment of the purchase price of $450,000, plus interest.

25. As a direct result of Dorand's fraudulent representations and suppression of material facts, the Decedents lost their valuable real property without any compensation.

26. The Decedents retained an attorney to prosecute the State Action against Dorand and his co-defendants in the Circuit Court of Tallapoosa County, Alabama.

27. The lawsuit was commenced on July 14, 2009.

28. Dorand was personally served on August 25, 2009.

29. Dorand never contested the personal jurisdiction of the Circuit Court of Tallapoosa County, Alabama.

30. Dorand retained counsel who appeared and defended the action until November 21, 2011 when his counsel moved to withdraw because "the Defendants have not honored their attorney client contract." In other words, Dorand failed to pay his State Action counsel.

31. Dorand's withdrawing counsel advised Dorand of each of the following: (1) that he was withdrawing as his counsel; (2) that Dorand would need to retain other counsel to represent his interests; (3) that he was providing Dorand's address of record to the Circuit Clerk of Tallapoosa County; (4) that failure to protect his interests would result in an adverse judgment.

32. Dorand, a licensed Alabama attorney, did not retain new counsel in the State Action and continued *pro se.*

33. At no time after November 21, 2011 did Dorand update his address with the Circuit Clerk of Tallapoosa County, Alabama in the State Action.

34. The State Action was set for trial on March 24, 2014 at 9:00 a.m. by order of the State Court entered on January 8, 2014 (Document 139 in the State Action, *see* Docket attached as ***Exhibit A***).

35. Dorand and several of his codefendants either controlled by Dorand or related by blood to Dorand failed to appear for the trial.

36. The Judge in the State Action entered a default judgment against Dorand and others on January 26, 2015 (*see* ***Exhibit B***, attached hereto - January 26, 2015 Order entered at Document 161 in the State Action, hereinafter "Judgment").

37. The Judgment recited that the case was called for jury trial on March 26, 2014, the Plaintiffs and their counsel were present, and the Defendants (including Dorand) failed to appear. *Id*.

38. The Judgment recited that Dorand's counsel had previously withdrawn from the case. *Id*.

39. The Judgment further recited that testimony was taken to prove liability for fraud, breach of contract and fraudulent concealment and to prove up damages. *Id*.

40. Based upon the evidence presented, the Judge entered the Judgment in favor of the Plaintiffs and against Dorand, and the Rodney D. and Barbara H. Dorand Living Trust (among others), in the amount of $1,600,000, plus costs. *Id*.

41. Thereafter, there was no activity in the State Action until March 26, 2019.

42. Between January 26, 2015 and March 26, 2019, three of the four original plaintiffs died while the fourth suffered from dementia until her demise in January of 2021. The original plaintiffs' trial counsel also was diagnosed with terminal cancer and had a lengthy final illness.

43. On March 26, 2019, over four years after judgment was entered, undersigned counsel appeared as counsel for the Decedents' estates through their testamentary representatives and began efforts to collect the Judgment in the State Action. See generally **Exhibit A.**

44. While Dorand had previously abandoned his defense of the underlying lawsuit and did not appear at the trial of the matter, after the undersigned noticed his appearance and commenced collections, Dorand actively engaged in the litigation.

45. Dorand retained new counsel and began a pattern of scorched earth litigation tactics that continue to the present day.

46. All of Dorands' actions have been calculated to thwart collection of the State Action Judgment.

47. Dorand's counsel contested the collections actions and moved under Rule 59 of the Alabama Rules of Civil Procedure for relief from the Judgment in the State Action. That motion was denied in the State Court (*see* **Exhibit C**, attached hereto - Order denying motion to set aside Judgment entered September 30, 2019).

48. Under controlling Alabama law, the Alabama standard for relief from a default judgment

required that Dorand come forward with any evidence which would have demonstrated a meritorious defense to the judgment in the State Action. Dorand offered no evidence to support a meritorious defense to the State Action.

49. Dorand also refused to respond to post-judgment discovery. This included defying the State Court's order compelling compliance for approximately ten months.

50. Dorand also appealed the denial of his Rule 59 motion to the Alabama Supreme Court without posting a supersedeas bond to secure a stay of collections on appeal.

51. The Alabama Supreme Court denied Dorand's appeal on January 23, 2020. **See generally Exhibit A hereto**. The Supreme Court's denial makes the Judgment in the State Action final and non-appealable.

52. Dorand, being a licensed attorney in the State of Alabama, is charged with the knowledge that abandoning the defense of a lawsuit will inevitably result in an adverse judgment.

53. Therefore, Dorand's abandonment of his defense in the State Action can clearly be treated as an admission by Dorand that he had no valid defense to the State Action.

54. Dorand rested on his rights in the State Action by failing to appear and defend on the merits at the time set for jury trial.

55. Dorand allowed the Plaintiffs to take their judgment for fraud, breach of contract, and fraudulent concealment against himself and the Rodney D. and Barbara H. Dorand Living Trust, among others, without so much as a whimper.

56. Dorand filed his petition in bankruptcy as a further effort to frustrate, hinder and delay the Plaintiffs' legitimate and lawful collection of their judgment.

57. The Judgment in the State Action finding Dorand liable for committing fraud and fraudulent concealment must be given *res judicata* effect in this Court.

58. The State Action between the Decedents and Dorand was fully litigated.

59. Dorand was a licensed attorney in the State of Alabama throughout this entire litigation.

60. The State litigation lasted six years from commencement to Judgment.

61. From 2009 until January 26, 2015, Dorand had a full and fair opportunity to litigate the underlying claims against him on the merits, including the claims of fraud. Dorand also had the opportunity to defend the jury trial on the merits in the State Action.

62. Dorand failed to contest the merits at trial. The impact of that failure must be measured from the heightened obligations and knowledge of the certain outcome that must be imputed to a licensed attorney.

63. After judgment was entered, Dorand did not timely move for relief from Judgment and did not timely appeal the Judgment.

64. Dorand made a conscious decision not to defend on the merits and instead allowed judgment to be entered against him for fraud, breach of contract and fraudulent concealment. Dorand did not even show up and contest the damages claims of the Decedents.

65. The Decedents provided testimony to the trial court, under oath, which established both Dorand's liability and their damages.

66. Once collections began Dorand sprang to life to avoid paying the judgment. However, when he filed his Rule 59 motion in 2019, he could not offer a single fact that would show he had a meritorious defense on the merits in the State Action.

67. From Dorand's conduct, the Court can infer that Dorand had no meritorious defense to the State Action.

68. Over the last two years, Dorand, with the assistance of counsel, has mercilessly fought

over every possible point and made numerous challenges to the State Action Judgment and has challenged every ruling made by the State Court.

69. Dorand has lost at every turn.

70. The State Action Judgment is final and non-appealable.

71. This Court must give full faith and credit to the Alabama State Action Judgment.

72. To find for the Decedents on their fraud claims in Alabama, the trial court was required to find that (1) Dorand made a false representation; (2) Dorand's false representation concerned a material existing fact; (3) the Decedents relied upon the false representation; and (4) the Decedents were damaged as a proximate result. *Cockrell v. Pruitt*, 214 So. 3d 324, 338 (Ala. 2016).

73. Likewise, to find the for the Decedents on their fraudulent concealment claims the Alabama trial court was required to find "(1) that [Dorand] had a duty to disclose a material fact, (2) that [Dorand] concealed or failed to disclose a material fact, (3) that [Dorand's] concealment or failure to disclose the material fact induced the [Decedents] to act or to refrain from acting, and (4) that the [Decedents] suffered actual damage as a proximate result. *Auburn's Gameday Ctr. at Magnolia Corner Owners Ass'n, Inc. v. Murray*, 138 So. 3d 317, 329–30 (Ala. Civ. App. 2013).

74. The elements the Decedents were required to prove to the Alabama trial court are substantially identical to the elements necessary to prove fraud under 11 USC §523(a)(2)(A). Courts have generally interpreted § 523(a)(2)(A) to require the traditional elements of common law fraud. A creditor must prove that: (1) the debtor made a false representation to deceive the creditor, (2) the creditor relied on the misrepresentation, (3) the reliance was justified, and (4) the creditor sustained a loss as a result of the

misrepresentation. *In re Bilzerian*, 153 F.3d 1278, 1281 (11th Cir. 1998).

75. All fraud claims that have been successfully reduced to judgment are excepted from discharge pursuant to 11 USC 523(a)(2)(A). *See, Grogan v. Garner*, 498 U.S. 279, 290 (1991).

**COUNT ONE**
**NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**

76. The Plaintiffs reallege all prior paragraphs of this adversary as if set out here in full.

77. This Court must give full faith and credit to the State Action Judgment.

78. Collateral Estoppel precludes relitigation of this issue in the Bankruptcy Court.

79. Res Judicata precludes relitigation of this claim in the Bankruptcy Court.

80. The Supreme Court has specifically held that any fraud claim successfully reduced to a judgment is excepted from discharge under 523(a)(2)(A).

81. Dorand, while a licensed Alabama attorney, voluntarily abandoned any defense of the Decedents' claims and allowed judgment to be taken against him for fraud and fraudulent inducement.

82. Dorand had a full and fair opportunity to litigate on the merits for roughly six years.

83. At the time the case was set for trial, Dorand failed to appear. The trial court took testimony to establish liability and damages for fraud and fraudulent inducement.

84. After collections began, Dorand retained counsel who moved for relief from judgment in the State Action.

85. The Alabama standard for obtaining relief from judgment required Dorand to submit any evidence which tended to show he had a meritorious defense to the underlying claims.

86. Dorand did not offer a document, an affidavit, or any other evidence tending to show he had a meritorious defense.

87. Given Dorand's status as a licensed Alabama attorney with full knowledge of the consequences of not defending on the merits, this Court may reasonably infer that Dorand did not have any defense to the fraud claim on the merits.

88. The Alabama trial court, in entering judgment for the Decedents, necessarily determined that Dorand's conduct met the elements of fraud and fraudulent concealment under Alabama law. That wrongful conduct is sufficient to render this debt nondischargeable.

89. The debt owed by Dorand to the Estates of the Decedents for the State Action Judgment is therefore nondischargeable under 11 U.S.C. § 523(a)(2).

WHEREFORE, the Plaintiffs respectfully request that the Court enter judgment against Debtor/Defendant Dorand, as follows:

A. declaring that Dorand's indebtedness to the Plaintiffs, the Estates of the Decedents, in the amount set out in Proof of Claim number 1, is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(2);

B. granting a non-dischargeable judgment in favor of the Adversary Plaintiffs and against Dorand, in the amount set out in Proof of Claim number 1, including without limitation, reasonable attorney's fees, costs and expenses; and

C. that the Adversary Plaintiffs have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Nick Wooten*
Nick Wooten, Esq.
NICK WOOTEN, LLC
5125 Burnt Pine Drive
Conway, AR 72034
Phone (833) 937-6389
Email:  nick@nickwooten.com